<div align="center">

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

</div>

**VICENTE GUERRA,**

      **Plaintiff,**

**v.**                                                   **Case No:**

**DESTINY HOMES OF**
**FLORIDA, INC., DESTINY**
**INDUSTRIES, LLC, GSF**                 **DEMAND FOR JURY TRIAL**
**MORTGAGE CORP., and**
**NATIONAL CAPITAL**
**FUNDING, LTD.**

      **Defendants.**
_____/

<div align="center">

**PLAINTIFF'S COMPLAINT**
**WITH INJUNCTIVE RELIEF SOUGHT**

</div>

    **COMES NOW**, Plaintiff, **VICENTE GUERRA** ("Mr. Guerra" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendants, **DESTINY HOMES OF FLORIDA, INC.** ("Destiny"), **DESTINY INDUSTRIES, LLC** ("Destiny Industries"), **GSF MORTGAGE CORPORATION** ("GSF"), and **NATIONAL CAPITAL FUNDING, LTD** ("National Capital") (collectively "Defendants"), and in support thereof states as follows:

<div align="center">

***Introduction***

</div>

    1.    This action arises out of Defendants' violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1692 ("RICO"), the Florida

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **1** of **33**

Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204 *et. seq.* ("FDUTPA"), the

Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), and

breach of contract, by engaging in illegal bait and switch practices by offering Mr. Guerra

a home mortgage loan that included unconscionable terms, willfully failing to uphold

their contract promise to deliver a new home to Mr. Guerra and by attempting to collect

an illegal balance for the home and cash payment that Defendants ended up providing for

Mr. Guerra. Specifically, the underlying alleged debt arises from Defendants' conspiracy

and agreement to engage in a fraudulent home construction and mortgage scheme with

respect to Mr. Guerra's home mortgage loan.

2.       Defendants used the U.S. Mail and interstate wires to solicit and falsely

promote illegal mortgage loans for Defendants' home construction and mortgage services

and misrepresented that Defendants were able to provide Mr. Guerra with a home

mortgage loan that included a cash payout for Mr. Guerra to pay off his credit card debt

with the specific intent to not provide such cash payout, to defraud consumers like Mr.

Guerra, and induce consumers like Mr. Guerra to agree to Defendants' fraudulent home

construction and mortgage services.

### *Jurisdiction and Venue*

3.       This Court has subject matter jurisdiction over the instant case under 28

U.S.C. §1331 as the instant case presents a federal question under the RICO.

4.       Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and Fla. Stat. §

559.77 (1), as a substantial part of the events or omissions giving rise to the claims

occurred in this judicial district.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **2** of **33**

*Parties*

5.      Plaintiff, Mr. Guerra, was and is a natural person and, at all times material hereto, is an adult, a resident of Polk County, Florida, a "consumer" as defined by the FDUTPA, Fla. Stat. § 501.203(7), and an alleged "debtor" or "consumer" as defined by the FCCPA, Fla. Stat. § 559.55(8).

6.      At all times material hereto, Destiny was and is a Florida Profit Corporation with its principle place of business in the State of Florida and its registered agent, DEBORAH SUE MATHIEU, located at 3801 N 41st Street, Tampa, FL 33610. Under information and belief, Destiny is a "Builder/Retailer Company" for Destiny Industries.

7.      At all times material hereto, Destiny Industries was and is a Foreign Limited Liability Company with its principle place of business in the State of Georgia and its registered agent, C T CORPORATION SYSTEM, located at 1200 South Pine Island Road, Plantation, FL 33324. Under information and belief, Destiny Industries builds homes for Destiny to market and sell to consumers.

8.      At all times material hereto, GSF was and is a Florida Profit Corporation with its principle place of business in the State of Wisconsin and its registered agent, CORPORATION SERVICE COMPANY, located at 1201 Hays Street, Tallahassee, FL 32301. Under information and belief, GSF is a "Lender" for Destiny's mortgage home loans.

9.      At all times material hereto, National Capital was and is a limited company with its principle place of business in the State of Texas and its registered agent,

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **3** of 33

WILLIAM E. YORK, located at 2000 Bering Drive, Suite 850, Houston, TX 77057. Under information and belief, National Capital is a "Construction Funds Administrator" for Destiny.

10.     At all times material hereto, Destiny, Destiny Industries, National Capital, and/or GSF have entered into a contractual agreement that establishes an agency relationship between the respective Defendants.

11.     At all times material hereto, each Defendant had actual and/or constructive knowledge of the acts of the other Defendants, and ratified, approved, joined in, acquiesced, and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

12.     Defendants collectively, and each of them separately, aided, abetted, encouraged, and rendered substantial assistance to the other Defendants in perpetuating their illegal mortgage loan services scheme to Mr. Guerra, as alleged herein. In taking action, as particularized herein, to aid, abet, and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

### *Statements of Fact*

13.     Beginning in 2017, Mr. Guerra and his wife started the exciting search for a new home for them and their four children.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **4** of **33**

14.     At that time, Mr. Guerra and his wife owned their home and property located 2525 Cresap Street, Lakeland, Florida 33815 ("Property") outright.

15.     Mr. Guerra heard about Destiny through an advertisement online and became interested in finding out more information about the process.

16.     In or around the end of 2017, Mr. Guerra spoke with Destiny about the possibility of purchasing a new home for his family from Destiny to put on the Property.

17.     As Mr. Guerra's conversations about purchasing a new home with Destiny progressed, Mr. Guerra informed Destiny that in order to go through with a home purchase, Mr. Guerra needed a low monthly mortgage payment because of the amount of credit card bills that he pays each month.

18.      In response to Mr. Guerra's concerns regarding his need for a low monthly mortgage payment, Destiny promised Mr. Guerra that it was going to "take care of [Mr. Guerra]" by giving Mr. Guerra cash to pay down his credit card debt within a mortgage for a new home if Mr. Guerra agreed to purchase a home from Destiny.

19.     Destiny assured Mr. Guerra that both the cash payout and the home mortgage loan would be included in one monthly mortgage payment for Mr. Guerra's new home on his Property ("Cash Payout").

20.     Mr. Guerra was unaware that a Cash Payout was an option for a home mortgage, but because Mr. Guerra trusted Destiny's expertise in selling homes, Mr. Guerra believed Destiny's assurances regarding the legality of such an offer.

21.     Destiny made Mr. Guerra very excited about the possibility of finally being able to afford a new home for him and his family to put on their Property.

*Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought*
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page 5 of 33

22.     Soon after Destiny's assurances to Mr. Guerra, Mr. Guerra and his wife went to view model homes that Destiny advised would fit within their budget.

23.     Mr. Guerra and his wife discovered the perfect home for their family and told Destiny the exact model home they wanted while out on the showroom floor.

24.     Destiny told Mr. Guerra and his wife to "give it a few days" and informed them that Destiny would look into it to see if the model home they wanted was available.

25.     One week later, Destiny informed Mr. Guerra that the model home his family desired was unavailable because they did not have a replacement.

26.     Destiny advised Mr. Guerra that instead, Destiny was able to provide Mr. Guerra and his family with the same model home, but it would be brand new and could be customized to Mr. Guerra's and his wife's desires.

27.     Mr. Guerra and his wife decided to move forward with Destiny to make their dream home a reality based on Destiny's representations.

28.     On December 19, 2017, Destiny e-mailed Mr. Guerra that Destiny got an approval for financing Mr. Guerra's new home mortgage through GSF Mortgage for the property located at 2525 Cresap Street, Lakeland, Florida 33815. *See* **Exhibit A.**

29.     On January 20, 2018, Destiny emailed Mr. Guerra a contract to sign for the new home and stated that the monthly payment would be about $1,150.00 each month considering the $18,000.00 "in pay off" they previously discussed as part of the Cash Payout. *See* **Exhibit B.**

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **6** of **33**

30.    On February 23, 2018, Mr. Guerra signed the contract with Destiny ("Home Contract") that identified Mr. Guerra's new home as a 2018 "Destiny Industries LLC Timberline Elite," and identifies Destiny as the dealer. *See* **Exhibit C.**

31.    The Home Contract listed a total price of $151,889.00 including the "pay off" of $18,000.00 promised by Destiny Homes as part of the Cash Payout. *See* **Exhibit C.**

32.    The Home Contract states, "Dealer is responsible for cracks due to shipping or setting of home." *See* **Exhibit C.**

33.    The Home Contract also stated the "proposed delivery date" for Mr. Guerra's home as "ASAP," which led Mr. Guerra to believe Destiny would expedite the home building process. *See* **Exhibit C.**

34.    On the same day, Mr. Guerra signed paperwork where Destiny agreed to provide certain upgrades to their custom home, including the interior wall colors, the kitchen cabinets, and the backsplash ("Home Color Selections"). *See* **Exhibit D.**

35.    On March 2, 2018, Destiny signed a Manufactured/Modular Home Construction Draw Disclosure which identified Destiny as the Retailer Company ("Draw Disclosure"). *See* **Exhibit E.**

36.    The Draw Disclosure also identified National Capital's responsibilities which included, but are not limited to, the following: inspecting the construction project; determining the construction draw amount; to "advise the Interim Funding Source to wire the funds" to the appropriate party; and to forward National Capital's Funding Advice to the Lender "to be funded and wired to the Settlement Agent." *See* **Exhibit E.**

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page 7 of 33

37.     On the same day, Destiny signed a Builder's Certification of Plans, Specifications, and Site, which identified GSF as the lender of Mr. Guerra's Mortgage, Destiny as the Builder's Company, and stated that Destiny "ha[s] a contract with Destiny Industries, LLC to market this house." ("Builder's Certification"). *See* **Exhibit F.**

38.     A few weeks later, on March 26, 2018, Mr. Guerra and his wife executed and delivered a note and mortgage (collectively "Mortgage") in favor of GSF secured by their anticipated new home, "Year: 2018; Make: Destiny Industries, LLC; Model: Timberline Elite; Size: 60 X 32; New; Serial Number:_____," which "shall constitute a part of the realty" at the Property address of 2525 Cresap St., Lakeland, FL 33815. *See* **Exhibit G, p. 2.**

39.     Sometime thereafter, Destiny began to tear down Mr. Guerra's previous home on his Property.

40.     Mr. Guerra, his wife, and their four children were forced to move into a small apartment while Mr. Guerra's Property was under construction for their new home.

41.     On May 8, 2018, Destiny sent Mr. Guerra an e-mail that stated the new home would be shipped sometime at the beginning of June and that it would take 45 more days after the delivery to finish Mr. Guerra's new home on his Property. *See* **Exhibit H.**

42.     Despite Destiny promise in the Home Contract that the delivery of Mr. Guerra's home was to be done "ASAP," and Destiny's assurances to Mr. Guerra in May via interstate email, Destiny failed to ship Mr. Guerra's home until almost a year after Destiny signed the Home Contract.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **8** of **33**

43.     Regardless of Destiny's delay, Mr. Guerra and his family were ecstatic to move out of their small apartment and finally move into their dream home on their Property.

44.     Soon after, Mr. Guerra and his family visited their new home.

45.     To Mr. Guerra's surprise, the home was nothing like the home that Destiny had agreed to build in the Home Contract.

46.     Specifically, when Mr. Guerra arrived, the roof of the home was cracked and leaking excessively, the walls were covered with stains which Destiny attempted to paint over, the lighting fixtures on the ceiling were falling off, the door hinges were broken, and the wall trimming was misaligned in multiple places.

47.     Moreover, Mr. Guerra discovered the home was not a 2018 model that Destiny contracted to build in the Home Contract and GSF had identified in the Mortgage, but rather a 2017 model home.

48.     Additionally, Destiny failed to install Mr. Guerra's specific instructions listed in the Home Color Selections, including the colors of the kitchen cabinets.

49.     Mr. Guerra was devastated and called Destiny in hopes of resolving the multiple issues from Defendants' failure to uphold its part of the bargain under the Home Contract.

50.     Mr. Guerra explained the horrible conditions of the home and the many occasions where Destiny failed to comply with the Home Contract.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **9** of 33

51.     Mr. Guerra informed Destiny that until the home was fixed to comply with what Destiny had agreed to in the Home Contract, Mr. Guerra was not going to sign the final documents or make payments toward the Mortgage.

52.     Mr. Guerra rejected the final documents and never took possession of the home.

53.     As a result of Mr. Guerra not signing the final contract, rejecting the final contract, and never taking possession of the home, Mr. Guerra thereby incurred an alleged balance on the Mortgage ("Debt").

54.     Additionally, Destiny did not give Mr. Guerra the Cash Payout that was promised to him by Destiny as part of the Home Contract because Destiny's promise was illegal.

55.     Further, GSF did not give Mr. Guerra the Cash Payout that was promised by GSF as part of the Mortgage, which was based on the amount due under the Home Contract, because Destiny's promise was illegal.

56.     On September 24, 2018, Destiny e-mailed Mr. Guerra to expect a call from GSF. *See* **Exhibit I.**

57.     In that email, Destiny acknowledged that Mr. Guerra was not willing to sign the final documents on his new home because of Mr. Guerra's concerns, and stated it would inform GSF about "the extra funding that was put into [Mr. Guerra's] deal as a land payoff[.]" *See* **Exhibit I.**

58.     On October 23, 2018, Destiny emailed Mr. Guerra and informed Mr. Guerra that Destiny talked to GSF. *See* **Exhibit J.**

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **10** of 33

59.     Destiny stated in the same email that GSF assured Destiny that GSF would refinance Mr. Guerra's home after six months so that Mr. Guerra could get the cash out that Destiny promised to him. *See* **Exhibit J.**

60.     On October 25, 2018, Destiny left Mr. Guerra a voicemail stating he wanted to "work things out before the bank has to do whatever they have to do."

61.     During this time period, National Capital also began calling Mr. Guerra in attempts to collect on the alleged Debt.

62.     In April of 2019, Mr. Guerra through counsel notified GSF that he rejected the Mortgage, did not get the home that he had contracted for, did not get the Cash Payout that was included in the Mortgage, and demanded that GSF take the home off his Property.

63.     GSF has refused to remove the home from Mr. Guerra's Property.

64.     Mr. Guerra and his family cannot move into the home that Mr. Guerra and his wife did not contract for with Destiny.

65.     Despite Destiny's failure to follow the plain language of the Home Contract and its constant refusal to remedy such breach, Destiny continued attempting to collect on the alleged Debt as well.

### *Count 1: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Destiny)*

66.     Mr. Guerra re-alleges paragraphs 1-65 and incorporates the same herein by reference.

67.     Destiny violated the FCCPA. Destiny's violations include, but are not limited to, the following:

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **11** of 33

a. Destiny violated Fla. Stat. § 559.72(7) by willfully engaging in conduct which can reasonably be expected to harass Mr. Guerra by persistently attempting to collect the Debt after Destiny failed to uphold its obligations under the Home Contract.

b. Destiny violated Fla. Stat. § 559.72(9) by attempting to enforce an alleged Debt from Mr. Guerra that Destiny knew was not legitimate because Destiny misrepresented the amount owed under the Mortgage when Destiny did not uphold its obligations under the Home Contract.

68.     As a result of the above violations of the FCCPA, Mr. Guerra has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

69.     Destiny's actions have damaged Mr. Guerra by forcing him to pay rent for an extended period of time to provide his family somewhere to stay instead of being able to live in their own home.

70.     Destiny's actions have damaged Mr. Guerra by invading his privacy.

71.     Destiny's actions have damaged Mr. Guerra by causing him embarrassment.

72.     Destiny's actions have damaged Mr. Guerra by causing him stress.

73.     Destiny's actions have damaged Mr. Guerra by causing him aggravation.

74.     Destiny's actions have damaged Mr. Guerra by harming his reputation.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **12** of 33

75.     Destiny's actions have damaged Mr. Guerra by causing him emotional distress.

76.     Destiny's actions have damaged Mr. Guerra by causing him loss of sleep.

77.     Destiny's actions have damaged Mr. Guerra by causing him anxiety.

78.     It has been necessary for Mr. Guerra to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

79.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Destiny as follows:

    a.   Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b.   Awarding actual damages;

    c.   Awarding punitive damages;

    d.   Awarding costs and attorneys' fees;

    e.   Ordering an injunction preventing further wrongful contact by the Defendant; and

    f.   Any other and further relief as this Court deems just and equitable.

### _Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against National Capital)_

80.     Mr. Guerra re-alleges paragraphs 1-65 and incorporates the same herein by reference.

81.     National Capital violated the FCCPA. National Capital's violations include, but are not limited to, the following:

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
_Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding_
Page **13** of 33

a.   National Capital violated Fla. Stat. § 559.72(7) by willfully engaging in conduct which can reasonably be expected to harass Mr. Guerra by attempting to collect the alleged Debt in full even after National Capital knew or had reason to know that Mr. Guerra did not receive the Cash Payout from Destiny and therefore did not owe the total amount on the Mortgage.

b.   National Capital violated Fla. Stat. § 559.72(9) by attempting to enforce an alleged Debt from Mr. Guerra that National Capital knew was not legitimate because Mr. Guerra never received the Cash Payout from Destiny and therefore did not owe the total amount on the Mortgage.

82.   As a result of the above violations of the FCCPA, Mr. Guerra has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

83.   National Capital's actions have damaged Mr. Guerra by invading his privacy.

84.   National Capital's actions have damaged Mr. Guerra by causing him embarrassment.

85.   National Capital's actions have damaged Mr. Guerra by causing him stress.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **14** of 33

86.     National Capital's actions have damaged Mr. Guerra by causing him aggravation.

87.     National Capital's actions have damaged Mr. Guerra by harming his reputation.

88.     National Capital's actions have damaged Mr. Guerra by causing him emotional distress.

89.     National Capital's actions have damaged Mr. Guerra by causing him loss of sleep.

90.     National Capital's actions have damaged Mr. Guerra by causing him anxiety.

91.     It has been necessary for Mr. Guerra to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

92.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against National Capital as follows:

    a.   Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b.   Awarding actual damages;

    c.   Awarding punitive damages;

    d.   Awarding costs and attorneys' fees;

    e.   Ordering an injunction preventing further wrongful contact by the Defendant; and

    f.   Any other and further relief as this Court deems just and equitable.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **15** of 33

**<u>Count 3: Violation of the Florida Deceptive and Unfair Trade Practices Act</u>**
**<u>("FDUTPA")</u>**
**<u>(as against Destiny)</u>**

93.     Plaintiff re-alleges paragraphs 1-65 and incorporates the same herein by reference.

94.     At all times relevant hereto, Destiny was engaged in "trade or commerce" within the meaning of Fla. Stat. § 501.203(8).

95.     FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce …" Fla. Stat. § 501.204(1).

96.     Destiny directly, and indirectly through its co-Defendants, engaged in trade or commerce as defined by FDUTPA because they "advertised, solicited, provided, offered, or distributed by sale, rental or otherwise, tangible property" in the state of Florida. *See* Fla. Stat. § 501.203(8).

97.     In determining whether conduct violates FDUTPA, the court should take into consideration whether the Federal Trade Commission ("FTC") and other federal courts deem such conduct to be an unconscionable, unfair, or deceptive act or practice under federal law. *State of Fla., Office of Atty. Gen., Dept. of Legal Affairs v. Tenet Healthcare Corp.*, 420 F. Supp.2d 1288, 1310 (S.D. Fla. Aug. 29, 2005) (citing FDUTPA, Fla. Stat. § 501.204(2)).

98.     Relevant to the instant action, the FTC enacted 16 C.F.R. § 238.0, which defines "bait advertising" as "an alluring but insincere offer to sell a product or service

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **16** of 33

which the advertiser in truth does not intend or want to sell." *See* 16 C.F.R. § 238.0 (2019).

99.     Destiny engaged in bait advertising when it advertised online to Mr. Guerra that it could provide a wonderful dream home for him and his family, presented Mr. Guerra with perfect model homes for Mr. Guerra to choose from, and reassured Mr. Guerra via interstate email that his dream home would be possible under the current Home Contract.

100.     Additionally, Destiny engaged in bait advertising when it offered and promised through interstate email to disburse a cash payout to Mr. Guerra as part of his Mortgage with no intentions of actually disbursing the cash payout to Mr. Guerra.

101.     Destiny engages in "bait and switch" tactics regarding its new home construction and mortgage scheme. Destiny systematically baits customers into new home contracts and mortgage loan transactions with promises of brand new, beautiful, well-crafted homes, cash payouts that are included in the mortgage, customization of the new home, and/or the existence or absence of particular terms in the contract. When the paperwork is presented to customers for signature at closing, the terms are contrary to the terms promised in the pre-construction contract.

102.     Destiny engaged in unconscionable, unfair, and deceptive practices when it offered Mr. Guerra money to pay down his credit card debt as a part of his Mortgage when Destiny never intended to, and never actually did, give Mr. Guerra the Cash Payout promised.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **17** of 33

103.    Destiny engaged in unconscionable, unfair, and deceptive practices when it promised Mr. Guerra a 2018 Timberline Elite model home with custom colored walls, kitchen cabinets, and backsplash, when Destiny never intended to, and never actually did, include those customizations in Mr. Guerra's home.

104.    Destiny engaged in unconscionable, unfair, and deceptive practices when it promised a quick construction of Mr. Guerra's home and instead, was delayed by many months due to its own actions, thereby tacking on additional fees to Mr. Guerra's Home Contract for the additional time required.

105.    Destiny engaged in unconscionable, unfair, and deceptive practices when it used scare and pressure tactics to try and cause Mr. Guerra to proceed with the transaction when Destiny did not follow the terms of the Home Contract previously agreed to and when it refused to remedy such inconsistencies.

106.    Destiny's unconscionable, unfair, and deceptive practices had a tendency or capacity to mislead consumers, including Mr. Guerra.

107.    Destiny's unconscionable, unfair, and deceptive practices had a tendency or capacity to create a false impression in consumers, like Mr. Guerra.

108.    Destiny's unconscionable, unfair, and deceptive practices were likely to, and did in fact, deceive reasonable consumers, including Mr. Guerra.

109.    Under information and belief, there are a significant number of consumers, like Mr. Guerra, that have been a victim of Destiny's fraudulent business practices as described herein.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **18** of 33

110.     Destiny intentionally and knowingly engaged in unconscionable, unfair, and deceptive practices when it offered Mr. Guerra money to pay down his credit card debt as part of his Mortgage when it never intended to give Mr. Guerra the Cash Payout.

111.     Destiny intentionally and knowingly engaged in unconscionable, unfair, and deceptive practices when it promised Mr. Guerra a 2018 Timberline Elite model home with custom colored walls, kitchen cabinets, and backsplash, when Destiny never intended to include those customizations in Mr. Guerra's home.

112.     Destiny intentionally and knowingly engaged in unconscionable, unfair, and deceptive practices when it promised a quick construction of Mr. Guerra's home and instead, knew it would take longer than what it was representing to Mr. Guerra.

113.     Destiny knew or should have known that its conduct violated the FDUTPA and 16 C.F.R. § 238.0.

114.     Despite the extreme contradiction between the 2018 model home that was marketed, promoted, and sold by Destiny to Mr. Guerra with a cash payout included in the Mortgage, and the unfinished, horribly constructed 2017 model home that was actually provided to Mr. Guerra, Destiny continues to demand the full Mortgage amount from Mr. Guerra in spite of Destiny never disbursing the cash payout to Mr. Guerra.

115.     Because Destiny continues to demand the full Mortgage payment from Mr. Guerra when Destiny never gave Mr. Guerra the cash payout he was promised, Destiny's actions and tactics should be declared unconscionable and unfair trade practices.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **19** of 33

116.    As a result of the above violations of the FDUTPA, Mr. Guerra has been subjected to unconscionable, unfair, and deceptive trade practices for which he has been damaged.

117.    Destiny's actions have damaged Mr. Guerra by forcing him to pay rent for an extended period of time to provide his family somewhere to stay instead of being able to live in their own home.

118.    Destiny's actions have damaged Mr. Guerra by invading his privacy.

119.    Destiny's actions have damaged Mr. Guerra by causing him embarrassment.

120.    Destiny's actions have damaged Mr. Guerra by causing him stress.

121.    Destiny's actions have damaged Mr. Guerra by causing him aggravation.

122.    Destiny's actions have damaged Mr. Guerra by harming his reputation.

123.    Destiny's actions have damaged Mr. Guerra by causing him emotional distress.

124.    Destiny's actions have damaged Mr. Guerra by causing him loss of sleep.

125.    Destiny's actions have damaged Mr. Guerra by causing him anxiety.

126.    It has been necessary for Mr. Guerra to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

127.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Destiny as follows:

a.  Entering an order enjoining the methods, acts, and practices;

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **20** of 33

b.  Awarding actual damages;

c.  Awarding punitive damages;

d.  Awarding costs and attorneys' fees;

e.  Awarding restitution; and

f.  Any other and further relief as this Court deems just and equitable under the premise.

### *Count 4: Violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (against Defendants)*

128.    Plaintiff re-alleges paragraphs 1-65 and incorporates the same herein by reference.

129.    Pursuant to the RICO Act, 18 U.S.C. § 1962(c), it is illegal "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of "racketeering activity."

130.    The RICO Act defines racketeering activity comprehensively in 18 U.S.C. § 1961(1) to include a variety of enumerated criminal offenses. Two of the enumerated offenses are wire fraud in violation of 18 U.S.C. § 1343 and mail fraud in violation of 18 U.S.C. § 1341.

131.    Wire fraud or mail fraud occurs whenever a person, 'having devised or intending to devise any scheme or artifice to defraud,' uses the mail [or wires] 'for the purpose of executing such scheme or artifice or attempting to do so.' 18 U.S.C. § 1341.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **21** of 33

132.   Under information and belief, the corporate officers and directors of Defendants are "persons" for the purpose of the RICO subsection that prohibits persons associated with enterprises from conducting that enterprise's affairs through a pattern of mail and wire fraud, which is racketeering activity.

133.   Alternatively, Defendants' corporate entities are "persons" for the purpose of the RICO subsection that prohibits persons associated with enterprises from conducting the enterprise's affairs through a pattern of mail and wire fraud, which is racketeering activity, because Defendants' corporate entities received the bulk of the monetary benefit derived from Defendants' pattern of racketeering activity or collection of unlawful debt.

134.   At all times relevant hereto, Defendants maintained a fraudulent home construction and mortgage enterprise affecting interstate commerce through "racketeering activity" in violation of RICO, 18 U.S.C. § 1962, as Defendants' acts are indictable as mail or wire fraud under 18 U.S.C. § 1341 and 18 U.S.C. § 1343.

135.   At all times relevant hereto, Defendants were all associated with the enterprise in separate and distinct roles that were all required for the enterprise to function. Specifically, under information and belief, Defendants' respective roles in the fraudulent home construction and mortgage enterprise include, but are not limited to:

   a.   Defendant Destiny was responsible for marketing Defendants' fraudulent home construction and mortgage enterprise to consumers across the United States through online advertisements in furtherance of the scheme to defraud consumers.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **22** of 33

b.  Defendant Destiny was the dealer for Destiny Industries and was responsible for the actual construction of new homes purchased by consumers in furtherance of the scheme.

c.  Defendant Destiny was responsible for collecting unlawful debts from consumers for the fraudulent home construction and mortgage scheme by placing interstate calls to consumers and by sending interstate emails to consumers in furtherance of the scheme.

d.  Defendant Destiny Industries was responsible for building and providing the new homes to Destiny for Destiny's construction on consumer's land in furtherance of the scheme.

e.  Defendant GSF was responsible for financing Destiny's fraudulent home construction and mortgage scheme with consumers and for collecting illegitimate debt from consumers for the fraudulent home construction and mortgage scheme by hiring or assigning National Capital to collect the unlawful debt on its behalf by placing interstate calls to consumers in furtherance of the scheme to defraud consumers.

f.  Defendant National Capital was responsible for collecting unlawful debts from consumers for the fraudulent home construction and mortgage scheme on behalf of GSF and Destiny by placing interstate calls to consumers in furtherance of the scheme.

136.  Defendants committed a pattern of racketeering activity through mail or wire fraud against Mr. Guerra as follows:

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **23** of **33**

a.  Predicate Act # 1: Defendant Destiny solicited and promoted the fraudulent home construction and mortgage loan scheme by falsely advertising its services as legal through the U.S. Mails and interstate wires, which advertising included posting false advertisements online and sending emails to Mr. Guerra.

b.  Predicate Act # 2: Defendant Destiny misrepresented that it would give Mr. Guerra a cash payout for him to pay his credit card debt as part of his Mortgage through email on January 20, 2018 and in previous oral conversations, with specific intent to induce Mr. Guerra to buy a home from Destiny in furtherance of Defendants' fraudulent home construction and mortgage loan scheme. *See* **Exhibit B.**

c.  Predicate Act # 3: Defendants' Draw Disclosure dated March 2, 2018 stated that National Capital was to direct the Interim Funding Source (GSF) to use interstate wires to wire the funds for the construction project to the Settlement Agent for the Settlement Agent to disburse such funds to Destiny, in furtherance of Defendants' fraudulent home construction and mortgage loan scheme. *See* **Exhibit E.**

d.  Predicate Act # 4: Defendant Destiny signed a Builder's Certification dated March 2, 2018 which identified GSF as the lender of Mr. Guerra's Mortgage, Destiny as the Builder's Company, and stated that Destiny "ha[s] a contract with Destiny Industries, LLC to market this

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **24** of 33

house[,]" in furtherance of Defendants' fraudulent home construction and mortgage loan scheme. *See* **Exhibit F.**

e.   Predicate Act # 5: GSF entered into a Mortgage agreement with Mr. Guerra and his wife at the inflated amount that included the illegal Cash Payout when GSF knew that such Cash Payout would never be performed, in furtherance of Defendants' fraudulent home construction and mortgage loan scheme. *See* **Exhibit G.**

f.   Predicate Act # 5: Destiny misrepresented that it could finish Mr. Guerra's home prior to when Destiny intended for it to be done through email on May 8, 2018, which stated the new home would be shipped sometime at the beginning of June and that it would take 45 more days after the delivery to finish Mr. Guerra's new home. *See* **Exhibit H.**

g.   Predicate Act # 6: On September 24, 2018, Defendant Destiny sent an interstate email to Mr. Guerra and stated it would inform GSF about "the extra funding that was put into [Mr. Guerra's] deal as a land payoff[,]" in furtherance of Defendants' fraudulent home construction and mortgage loan scheme. *See* **Exhibit I.**

h.   Predicate Act # 7: On October 23, 2018, Defendant Destiny sent an interstate email to Mr. Guerra pressuring Mr. Guerra to follow through with the transaction so that "they won't have to foreclose on [Mr. Guerra's] property[,]" and held out that a representative of GSF would

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **25** of 33

be willing to refinance Mr. Guerra's home in six months in order for Mr. Guerra to get the Cash Payout Mr. Guerra was promised, in furtherance of Defendants' fraudulent home construction and mortgage loan scheme. *See* **Exhibit J.**

    i.   Predicate Act # 8: On October 25, 2018, Defendant Destiny placed an interstate call to Mr. Guerra pressuring Mr. Guerra to follow through with the transaction stating Destiny wanted to "work things out before the bank has to do whatever they have to do[,]" in furtherance of Defendants' fraudulent home construction and mortgage loan scheme.

    j.   Predicate Act # 9: In or around January of 2019, Defendant National Capital placed an interstate call to Mr. Guerra in attempts to collect the alleged outstanding balance owed to National Capital for the new home in furtherance of Defendants' fraudulent home construction and mortgage loan scheme.

137.    Defendants continue to engage in the practice of unlawful home construction and mortgage practices, as evidenced by their continued existence as business entities.

138.    Defendants continue to engage in the practice of unlawful home construction and mortgage practices, as evidenced by their websites advertising such practices to the all consumers across the entire United States of America.

139.    Defendants agreed to violate RICO by engaging in unlawful home construction and mortgage schemes, which is a pattern of racketeering activity.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **26** of 33

140.   All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendants as follows:

    a.   Entering an order prohibiting the Defendants from engaging in home construction and mortgage practices pursuant to 18 U.S.C. § 1964(a);

    b.   Awarding treble damages to Mr. Guerra;

    c.   Awarding costs and attorneys' fees pursuant to 18 U.S.C. § 1964(c); and

    d.   Any other and further relief as this Court deems just and equitable under the premise.

### *Count 5: Breach of Contract*
### *(against Destiny)*

141.   Plaintiff re-alleges paragraphs 1-65 and incorporates the same herein by reference.

142.   Pursuant to Fla. Stat. § 672.105(1), "goods" are defined as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale[.]"

143.   Additionally, pursuant to Fla. Stat. § 672.107(1), "[a] contract for the sale of . . . a structure . . . to be removed from realty is a contract for the sale of goods within this chapter[.]"

144.   Pursuant to Fla. Stat. § 672.106(2), goods "conform" to the contract "when they are in accordance with the obligations under the contract." If the goods do not conform to the contract, they are non-conforming and a breach has occurred.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **27** of 33

145.    Moreover, pursuant to Fla. Stat. § 672.601, "if the goods or the tender of delivery fail in any respect to conform to the contract, the buyer may: (1) Reject the whole[.]"

146.    On February 23, 2018, Mr. Guerra entered into a contract with Destiny for the purchase and construction of a new home built by Destiny Industries to be placed on Mr. Guerra's residence in Polk County, Florida. *See* **Exhibit C.**

147.    Pursuant to the Home Contract, Destiny agreed to provide Mr. Guerra a 2018 Destiny Industries LLC Timberline Elite model home. *See* **Exhibit C.**

148.    Additionally, Destiny agreed to customize this home for Mr. Guerra to his specifications per the Home Color Selections form Mr. Guerra filled out on February 23, 2018. *See* **Exhibit D.**

149.    Destiny has breached the terms of the aforesaid-described agreement by failing to provide Mr. Guerra the home as contemplated by the terms of the Home Contract.

150.    Specifically, Mr. Guerra requested specific kitchen countertops but Destiny failed to install what Destiny had agreed upon. Mr. Guerra requested cherry wood kitchen cabinets but Destiny willingly put in different ones. The trim around the house is uneven, the walls are poorly painted, and the ceiling lights are hanging off of the wall.

151.    Moreover, based on Destiny's promise in the Home Contract that Mr. Guerra's home would be finished "ASAP," and Destiny's multiple reassurances throughout the process that Destiny would be done with his home prior to the actual date

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **28** of 33

of completion, Mr. Guerra relied on Destiny's statements to his detriment, thereby incurring damages.

152.    The delay has caused Mr. Guerra to incur additional damages with respect to paying additional months' rent for the apartment for him and his family.

153.    As a result of the above breach of contract violations, Mr. Guerra has been damaged.

154.    Destiny's actions have damaged Mr. Guerra by invading his privacy.

155.    Destiny's actions have damaged Mr. Guerra by causing him embarrassment.

156.    Destiny's actions have damaged Mr. Guerra by causing him stress.

157.    Destiny's actions have damaged Mr. Guerra by causing him aggravation.

158.    Destiny's actions have damaged Mr. Guerra by harming his reputation.

159.    Destiny's actions have damaged Mr. Guerra by causing him emotional distress.

160.    Destiny's actions have damaged Mr. Guerra by causing him loss of sleep.

161.    Destiny's actions have damaged Mr. Guerra by causing him anxiety.

162.    It has been necessary for Mr. Guerra to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

163.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Destiny as follows:

       a.   Rescission of the contract;

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **29** of 33

    b.  Rejection of the contract;

    c.  Awarding actual damages;

    d.  Awarding incidental damages;

    e.  Awarding consequential damages;

    f.  Awarding costs and attorneys' fees; and

    g.  Any other and further relief as this Court deems just and equitable under the premise.

### *Count 6: Rescission*
### *(against GSF)*

164.    Plaintiff re-alleges paragraphs 1-65 and incorporates the same herein by reference.

165.    On March 26, 2018, Mr. Guerra and his wife executed and delivered a note and mortgage (collectively "Mortgage") in favor of GSF secured by "Year: 2018; Make: Destiny Industries, LLC; Model: Timberline Elite; Size: 60 X 32; New; Serial Number:_____," which "shall constitute a part of the realty" at address 2525 Cresap St., Lakeland, FL 33815. *See* **Exhibit G, p. 2.**

166.    Notably, the Mortgage included amounts that had fraudulently been misrepresented to Mr. Guerra as properly owed—including the "pay off" of $18,000.00 promised by Destiny Homes as part of the Cash Payout. *See* **Exhibit C.**

167.    Mr. Guerra, however, never received the $18,000.00 in "pay off" as part of the Cash Payout nor did Mr. Guerra ever move into the home or take possession of the home.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **30** of 33

168.    Underlying the alleged balance of the Mortgage, the Home Contract listed a total price of $151,889.00 owed under the Mortgage, which included the "pay off" of $18,000.00 promised by Destiny Homes as part of the Cash Payout that neither Destiny Homes nor GSF intended to disburse to Mr. Guerra.

169.    Mr. Guerra also signed paperwork where Destiny agreed to provide certain upgrades to their custom home, including the interior wall colors, the kitchen cabinets, and the backsplash ("Home Color Selections"). *See* **Exhibit D.**

170.    On March 2, 2018, Destiny signed a Manufactured/Modular Home Construction Draw Disclosure which identified Destiny as the Retailer Company ("Draw Disclosure"). *See* **Exhibit E.**

171.    On the same day, Destiny signed a Builder's Certification of Plans, Specifications, and Site, which identified GSF as the lender of Mr. Guerra's Mortgage, Destiny as the Builder's Company, and stated that Destiny "ha[s] a contract with Destiny Industries, LLC to market this house." ("Builder's Certification"). *See* **Exhibit F.**

172.    Destiny and GSF fraudulently misrepresented that Mr. Guerra would receive $18,000 in the Cash Payout that both Destiny and GSF knew Mr. Guerra would never receive.

173.    Destiny and GSF fraudulently misrepresented that Mr. Guerra would receive the home agreed upon in the Home Contract when both Destiny and GSF knew that Mr. Guerra would receive no such home.

174.    Mr. Guerra has rescinded the Mortgage because he never took possession of the property and has since resided at an apartment home.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **31** of **33**

175.    Mr. Guerra notified GSF that he refused to take possession of the property because the house was not the house Mr. Guerra has agreed to purchase, and because the amount due under the Mortgage was to remain the same despite Mr. Guerra never receiving the Cash Payout.

176.    Mr. Guerra has notified GSF through counsel that he wishes the home to be removed from his property, to which GSF has refused.

177.    Mr. Guerra has no adequate remedy at law because absent the home being removed from his property by GSF and the Mortgage rescinded, Mr. Guerra is deprived of property that he owned outright before Defendants undertook illegal practices.

178.    It has been necessary for Mr. Guerra to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

179.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against GSF as follows:

a.    Rescission of the Mortgage;

b.    An order requiring that GSF remove the mobile home from Mr. Guerra's property;

c.    Awarding costs and attorneys' fees; and

d.    Any other and further relief as this Court deems just and equitable under the premise.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **32** of 33

## DEMAND FOR JURY TRIAL

Plaintiff, Vicente Guerra, demands a trial by jury on all issues so triable.

Respectfully submitted this **April 24, 2019**,

<div style="margin-left:40%">

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

*/s/ Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff

</div>

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Guerra v. Destiny Homes of Florida, Destiny Industries, GSF Mortgage, and National Capital Funding*
Page **33** of 33